# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIAM ENGLAND,

    Petitioner,

vs.

HOWARD SKOLNIK, et al.,

    Respondents.

Case No. 3:11-CV-00605-ECR-(WGC)

**ORDER**

    Petitioner has paid the filing fee (#5). Petitioner also has submitted an application to proceed in forma pauperis (#6), which the court denies as moot because petitioner has paid the filing fee. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss this action as untimely.

    In the Eighth Judicial District Court of the State of Nevada, petitioner was convicted of one count of battery with intent to commit a crime, one count of lewdness with a minor, and seven counts of sexual assault. That court entered its judgment of conviction on October 10, 1987. Petitioner appealed, and the Nevada Supreme Court affirmed on August 22, 1988. Petitioner then filed a petition for post-conviction relief in the state court on October 1, 1989. That petition was denied, petitioner appealed, and the Nevada Supreme Court affirmed on May 6, 1991. Petitioner

then filed in this court a habeas corpus petition, England v. Angelone, 3:91-CV-00238-ECR, on May 21, 1991. The court dismissed the petition on December 2, 1991.[1]

In this action, petitioner claims that there is an error in the computation of his sentences, not that his judgment of conviction is invalid. Petitioner alleges that no later than July 6, 1994, he became aware of this problem. Petition, p. 3E. On January 22, 2010, he filed in state court a post-conviction habeas corpus petition. That petition was denied, petitioner appealed, and the Nevada Supreme Court affirmed on November 8, 2010.[2] Petitioner then commenced this action. He does not allege when he mailed the petition to the court, but the court received it on August 22, 2011.

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) <u>the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence</u>.

28 U.S.C. § 2244(d)(1) (emphasis added). If the date on which the period would commence occurred before enactment of § 2244(d)(1) on April 24, 1996, then the period commenced on the next day, April 25, 1996. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the

---

[1] The record of the 1991 petition was not transferred to the court's electronic docketing system. Petitioner referred to the 1991 petition in a petition filed in state court on January 22, 2010. This court has obtained the file from archives and has verified the dates.

[2] Petitioner has not attached a copy of the Nevada Supreme Court's order of affirmance of November 8, 2010, but he has attached a copy of an order of the Nevada Supreme Court, dated July 21, 2011, that refers to the order of affirmance.

remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). A prior federal habeas corpus petition does not toll the period of limitation. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Section 2244(d) is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace, 544 U.S. at 418). The petitioner effectively files a federal petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

On its face, the petition is untimely. Because petitioner is claiming that there is an error in the computation of his sentence, the date that the period of limitation starts is governed by § 2244(d)(1)(D), when petitioner learned or could have learned with due diligence of the facts giving rise to this claim. Petitioner provides that date himself, July 6, 1994. Because that date precedes the enactment of § 2244(d), the period of limitation actually started on April 25, 1996.[3] One year passed without petitioner filing a habeas corpus petition in this court or a post-conviction petition in state court that qualified for tolling pursuant to § 2244(d)(2). Petitioner eventually filed a state-court petition on January 22, 2010, but by that time the period of limitation had long since expired, and there was nothing left to toll. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Petitioner needs to show cause why the court should not dismiss this action as untimely.

IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (#6) is **DENIED** as moot.

IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

---

[3]Alternatively, petitioner has attached to the petition a response to a grievance that states that petitioner has been arguing since 1999 that his sentence structure is wrong. Petitioner also has attached a letter, dated November 21, 2000, from an attorney who explains his sentence structure. The letter is addressed to another inmate, but it describes petitioner's sentence structure, and it shows that petitioner had questions about his sentence structure before November 21, 2000. Even if the period of limitations started in 1999 or 2000 instead of 1996, the court's determination that the petition is untimely on its face would not change.

1  IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry
2 of this order to show cause why this action should not be dismissed as untimely. Failure to comply
3 with this order will result in the dismissal of this action.

4  IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney
5 General for the State of Nevada, as counsel for respondents.

6  IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a
7 copy of the petition and a copy of this order. No response by respondents is necessary.

8  DATED: October 13, 2011.

_____
EDWARD C. REED
United States District Judge