

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIAM ENGLAND,

    Petitioner,

vs.

HOWARD SKOLNIK, et al.,

    Respondents.

Case No. 3:11-CV-00605-ECR-(WGC)

**ORDER**

    The court directed petitioner to show cause why this action should not be dismissed as untimely. Order (#7). Petitioner has submitted a response (#9). The court finds that petitioner has not given good reasons for the untimeliness of this action, and the court dismisses this action.

    Petitioner first discusses the procedural history of the habeas corpus petition that he filed earlier this year, England v. Skolnik, 3:11-CV-00059-ECR-(VPC). The court served that petition upon respondents. Respondents moved to dismiss the action as unexhausted because petitioner's claims were still pending in state court. Petitioner agreed. The court dismissed that action. In his response (#9), petitioner notes that in the earlier action the court directed respondents to raise all their procedural defenses, if any, in one motion to dismiss. Petitioner is not explicit, but the inference is that the issue of timeliness is waived because respondents did not raise it in the earlier action. The dismissal without prejudice means that the earlier action effectively never existed. It has no effect upon other valid procedural defenses, and as the court noted earlier in this action, the court may raise timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001). To the extent that petitioner is arguing that

1  the court should not dismiss this action as untimely because it dismissed the earlier action without
2  prejudice, that argument is faulty for two reasons. First, the one-year period of limitation is not
3  tolled while the earlier action was pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).
4  Second, even if the court were to consider the earlier action eligible for tolling, or even if the court
5  were to relate the commencement of this action back to the commencement of the earlier action, this
6  action still would be untimely. Petitioner learned about how the Nevada Department of Corrections
7  was handling his sentences as early as 1994 and no later than 1999 or 2000, many years before he
8  started pursuing his claims in state court in 2010 and in this court in 2011.
9       Petitioner also argues that he is eligible for equitable tolling. "[A] 'petitioner' is 'entitled to
10  equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that
11  some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida,
12  130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner
13  argues that he has been diligent in pursuing relief through administrative channels and through the
14  state courts, but he did not file anything in the state courts until January 22, 2010, at least ten years
15  and as many as sixteen years after he learned about the problem. He has not shown how he was
16  unable to file a petition earlier than that.
17       Reasonable jurists would not find this conclusion to be debatable or wrong, and the court
18  will not issue a certificate of appealability.
19       Petitioner has submitted a motion for appointment of counsel and a motion for an
20  evidentiary hearing. These motions are moot because the court is dismissing the action.
21       IT IS THEREFORE ORDERED that the clerk of the court file the motion for appointment
22  of counsel and the motion for an evidentiary hearing, which are currently unfiled at #1-3 and #1-4 in
23  the docket.
24       IT IS FURTHER ORDERED that the motion for appointment of counsel is **DENIED**.
25       IT IS FURTHER ORDERED that the motion for an evidentiary hearing is **DENIED**.
26  ///
27  ///
28  ///

1   IT IS FURTHER ORDERED that this action is **DISMISSED** with prejudice as untimely.
2  The clerk of the court shall enter judgment accordingly.
3   IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.
4  DATED: December 13, 2011.

```
                                    _____
                                    EDWARD C. REED
                                    United States District Judge
```